1

2

3

4

5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2023

SEAN F. McAVOY, CLERK

6

7

8      UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF WASHINGTON

10

11   ISIDRO Z.,                              NO:  4:21-CV-05151-LRS

12                     Plaintiff,

13      v.                                    ORDER GRANTING PLAINTIFF'S
                                             MOTION FOR SUMMARY
14   KILOLO KIJAKAZI,                        JUDGMENT IN PART AND
     COMMISSIONER OF SOCIAL                  DENYING DEFENDANT'S MOTION
15   SECURITY,                               FOR SUMMARY JUDGMENT

16                     Defendant.

17

18         BEFORE THE COURT are the parties' cross-motions for summary judgment.

     ECF Nos. 11, 12.  This matter was submitted for consideration without oral
19
     argument.  Plaintiff is represented by attorney Chad Hatfield.  Defendant is
20
     represented by Special Assistant United States Attorney Heidi L. Triesch.  The
21

     ORDER - 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is granted in part and Defendant's Motion, ECF No. 12, is denied.

## JURISDICTION

Isidro Z. [1] (Plaintiff) filed for disability insurance benefits and for supplemental security income on June 16, 2016, alleging in both applications an onset date of August 1, 2020.  Tr. 241-54.   Benefits were denied initially, Tr. 161-67, and upon reconsideration, Tr. 173-86.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 25, 2018.  Tr. 36-70.  On January 19, 2019, the ALJ issued an unfavorable decision, Tr. 13-35, and the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District Court for the Eastern District of Washington and on November 20, 2020, the Honorable Rosanna Malouf Peterson issued an order remanding the matter for further proceedings.  Tr. 1075-96.

On August 10, 2021, Plaintiff appeared at a second hearing, Tr. 1007-45, and on September 29, 2021, the ALJ issued another unfavorable decision.  Tr. 979-1006.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

---

[1] The last initial of the claimant is used to protect privacy.

ORDER - 2

1

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1965 and was 50 years old at the time of his application. Tr. 248. He graduated from high school. Tr. 815. He has work experience as a server, bartender, and doing banquet setup and service. Tr. 52-54. At the time of the second hearing, he was working less than four hours a day for Uber Eats. Tr. 1015. He could not drive for more than two hours because of pain in his back and legs. Tr. 1015-16. The pain affects his social life. Tr. 1017. His depression is bad. Tr. 1018. He was diagnosed with fibromyalgia. Tr. 1018. Over time his pain has gotten worse. Tr. 1018. Some days he cannot get out of bed. Tr. 1018-19. Fibromyalgia affects his shoulders, knees, and joints. Tr. 1020. In the two years before the hearing, the fibromyalgia pain got much worse. Tr. 1021. He gets very bad headaches. Tr. 1022. Low back pain is his primary pain. Tr. 1022. Six or seven days a month he has to stay in bed seven to 12 hours a day. Tr. 1024.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

(9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in

ORDER - 4

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER - 6

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2010.  Tr. 985.  At step two, the ALJ found that since the alleged onset date, Plaintiff has had the following severe impairments: status post left-sided L5 laminectomy and microdiscectomy;

ORDER - 7

degenerative disc disease – thoracic spine; major depressive disorder; and somatic

disorder.  Tr. 985.

At step three, the ALJ found that since the alleged onset date, Plaintiff has not

had an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments.  Tr. 986.  The ALJ then found that since

the alleged onset date, Plaintiff has the residual functional capacity to perform light

work with the following additional limitations:

> He could stand and/or walk approximately four hours in an eight-hour
> workday; he would need to alternate between sitting and standing
> every 30 minutes for five minutes at a time while remaining at the
> work station, sitting and standing at will would be acceptable as well;
> he could never climb ladders, ropes, or scaffolds; he could rarely (up
> to 15 percent of the day) stoop and climb ramps and stairs; he could
> never kneel, crouch, or crawl; he could occasionally reach overhead;
> he should avoid all exposure to moving, dangerous machinery or
> unprotected heights; he would be capable of simple, routine work that
> is low stress (e.g., no conveyor belt or production pace); he could
> tolerate occasional, simple workplace changes; and he could have
> brief, superficial interaction with the public and occasional interaction
> with co-workers and supervisors.

Tr. 988.

At step four, the ALJ found that since the alleged onset date, Plaintiff has been

unable to perform any past relevant work.  Tr. 994.   At step five, after considering

and Plaintiff's age, education, work experience, and residual functional capacity, the

ALJ found that before August 16, 2020, there were jobs that existed in significant

numbers in the national economy that Plaintiff could have performed such as routing

clerk, small products assembler, and office helper.  Tr. 996.  Beginning on August

ORDER - 8

16, 2020, the date Plaintiff turned age 50, and after considering the same factors, the ALJ found there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform.  Tr. 996.  Thus, the ALJ determined that Plaintiff was not disabled before August 16, 2020, but became disabled on that date and has continued to be disabled through the date of the decision.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 11.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly considered the Listings at step three;

2.  Whether the ALJ properly considered Plaintiff's subjective complaints;

3.  Whether the ALJ properly considered the medical opinions; and

4.  Whether the ALJ made a proper step five finding.

ECF No. 11.

## DISCUSSION

**A.**    **Step Three**

Plaintiff contends the ALJ erred by failing to find he meets or equals a Listing at step three.  ECF No. 11 at 17-19.  At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the listings.  *See* 20 C.F.R. §§

ORDER - 9

404.1520(d), 416.920(d).  The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. §§ 404.1525, 416.925.

An impairment "meets" a listing if it meets all of the specified medical criteria. *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify.  *Sullivan,* 493 U.S. at 530; *Tackett,* 180 F.3d at 1099.  An unlisted impairment or combination of impairments "equals" a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present.  *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. §§ 404.1526(b), 416.1526(b).

This Court previously remanded the case in part for reconsideration of Listing 1.04 for disorders of the spine.  Tr. 1092-94.  Effective April 2021, Listing 1.04 was revised.  Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020).  The ALJ noted Listing 1.04 is no longer in effect and that the applicable Listings for consideration regarding Plaintiff's spine impairments are Listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root) and Listing 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina).  Tr. 20.  Each Listing has four criteria, all of which

must be met in order to meet the Listing.  20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.15, 1.16.

Plaintiff does not argue that he meets Listing 1.15 or 1.16.  Instead, Plaintiff argues the ALJ should have considered the old Listing 1.04 in accordance with this Court's previous order.  ECF No. 11 at 17-19.  However, the revised Listings apply on and after the effective date for any new applications "and to claims that are pending on or after the effective date."  Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020).  The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by the same court or a higher court, but the doctrine should not be applied when the controlling law has changed, as is the case here.  *Stacy v. Colvin*, 825 F.3d 563 (9th Cir. 2016).  Thus, the ALJ properly applied the revised Listing criteria.

Without citing any authority, Plaintiff argues a "good faith effort" to comply with the prior Court order required the ALJ to call a medical expert to discuss equivalence.  ECF No. 11 at 18.  First, the ALJ is responsible for the finding of medical equivalence.  Social Security Ruling (SSR) 17-2p, 2017 WL 3928306 (March 27, 2017).  According to Social Security Administration policy, an ALJ is required to obtain a medical expert opinion in only three situations: (1) when the Appeals Council or Federal court orders a medical expert opinion; (2) if there is a question about the accuracy of a medical test result reported; or (3) if the ALJ is

considering finding that the claimant's impairment medically equals a listing.  Social Security Administration, HALLEX I-2-5-34, 1994 WL 637370 ("When to Obtain a Medical Expert Opinion") (last updated Jan. 21, 2020).  Because none of the three mandatory situations requiring a medical expert opinion applied, the ALJ was not required by agency policy to obtain a medical expert opinion.

Second, Plaintiff argues his testimony that he needs to lie down for a significant amount of time every day should be considered equivalent to requirements in the new Listings.  ECF No. 11 at 18 (citing Tr. 1025-26).  However, "[m]edical equivalence must be based on medical findings." *Tackett*, 180 F.3d at 1099.  Allegations of pain or other symptoms are not substitutes for a missing or deficient sign or laboratory finding to raise the severity of an impairment to that of a listed impairment.  20 C.F.R. §§ 404.1529(d)(3), 416.929(d)(3).  Furthermore, the claimant bears the burden of establishing an impairment (or combination of impairments) meets or equals the criteria of a listed impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

The ALJ considered the evidence of Plaintiff's back condition and concluded it does not meet the criteria of Listing 1.15 or 1.16, noting that no acceptable medical source opined that his condition medically equals one of the Listings.  Tr. 986.  Furthermore, even though Listing 1.04A is no longer in effect, the ALJ concluded that Plaintiff's spinal impairments would not meet those requirements,

either.  Tr. 986.  Plaintiff has not established any error and the ALJ's step three finding is supported by substantial evidence.

**B.     Symptom Testimony**

Plaintiff contends the ALJ improperly considered his subjective complaints. ECF No. 11 at 20-21.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

ORDER - 13

must make a credibility determination with findings sufficiently specific to permit

the court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony."). "The clear and convincing [evidence] standard is the most demanding

required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir.

2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.

2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

*alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

claimant's testimony or between her testimony and her conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the

claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ's decision must contain specific reasons for the weight given to the

claimant's symptoms, be consistent with and supported by the evidence, and be

clearly articulated so the individual and any subsequent reviewer can assess how the

adjudicator evaluated the individual's symptoms. SSR 16-3p, 2016 WL 1119029, at

*9. The ALJ "must specifically identify the testimony she or he finds not to be

credible and must explain what evidence undermines the testimony." *Holohan v.*

*Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). While the ALJ is not required to

perform a line-by-line analysis of the claimant's testimony, the ALJ is still required

to do more than offer "non-specific conclusions that [claimant's] testimony was

ORDER - 14

inconsistent with [his] medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

Defendant cites the following reasons in support of the ALJ's conclusion that the record does not support the level of limitation alleged: (1) sources found Plaintiff exaggerated symptoms; (2) Plaintiff's mental allegations were inconsistent with the medical record; and (3) Plaintiff's treatment history did not warrant additional mental limitations; and (4) Plaintiff's activities undermined his allegations.  ECF No. 12 at 4-8.  Here, although Defendant extracted findings from the ALJ's recitation of the evidence, the Court finds the ALJ stated only one reason for rejecting Plaintiff's symptoms claims, which is that the objective evidence does not support the level of limitation alleged.  Tr. 988-994   The Court is constrained to review only those reasons asserted by the ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

The ALJ discounted Plaintiff's symptom claims because "the objective medical evidence does not fully support the level of limitation claimed."  Tr. 988.  This was the only specific reason given for finding Plaintiff less impaired than alleged.  Even if substantial evidence supports this finding, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341,

346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is inadequate.

The reasons cited by Defendant are based on the ALJ's recitation of the record and not on any specific reasons set forth by the ALJ. For example, although Defendant gathers phrases and references cited by the ALJ in discussing several of the medical opinions, the ALJ did not cite exaggeration of symptoms as a reason for giving less weight to Plaintiff's symptom claims. ECF No. 12 at 4-5 (citing Tr. 990-92). Similarly, while the ALJ recited the mental health treatment record, the ALJ did not mention "treatment history" or "inconsistency with the record" or otherwise provide any analytical evaluation of the mental health record in terms of inconsistency with Plaintiff's symptom allegations. Tr. 989-92. Lastly, the ALJ did not address Plaintiff's activities except in summarizing medical reports or repeating what he told various providers. *See e.g.*, Tr. 989 (mentioning daily activities described to Dr. Bowes), 991 (mentioning contents of Function Report discussed by medical expert), 993 (mentioning household activities and daily living in treatment record). These are not clear and convincing reasons supported by substantial evidence.

Although the ALJ summarized the medical record in support of the RFC determination, providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons

for finding the claimant's symptom testimony unsupported. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). No legally sufficient reason for discrediting Plaintiff's symptom testimony was provided by the ALJ. Thus, the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's symptom claims.

### C.   Medical Opinions

Plaintiff contends the ALJ erred in evaluating the opinions of Tasmyn Bowes, Psy.D., Beverly Shapiro, M.D., and Jan Lewis, Ph.D. ECF No. 11 at 9-17. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan*, 246 F.3d at 1201-02 (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).[2]

_____

[2] For claims filed on or after March 27, 2017, the regulations changed the framework for evaluation of medical opinion evidence. *Revisions to Rules Regarding the*

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

  *1. Beverly Shapiro, M.D.*

  Dr. Shapiro completed a DSHS Physical Functional Evaluation form in March 2016.  Tr. 826-828 (duplicate at 1183-185).  Dr. Shapiro diagnosed low back pain with sciatica post laminectomy and a protruding rib.  Tr. 837.  She assessed the severity of Plaintiff's back impairment as marked, defined as a very significant interference with the ability to perform one more mor work-related activities, in

---

*Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  Plaintiff's claim was filed in June 2016, so the previous method of evaluating medical opinions applies.

sitting, standing, walking, lifting, carrying, pushing, stooping, and seeing.  Tr. 827.

Dr. Shapiro opined that Plaintiff was limited to sedentary work.  Tr. 828.

First, the ALJ found that Dr. Shapiro's opinion "involves an issue reserved

to the Commissioner" and as such is neither valuable nor persuasive.  Tr. 993.  The

RFC determination is an administrative finding reserved to the Commissioner.  *See*

20 C.F.R. §§ 404.1527(d), 416.927(d).  The ALJ determined that by assessing a

limitation to "sedentary work," Dr. Shapiro assessed a specific work level using a

Social Security term about functional exertional levels.  Tr. 993.  The ALJ

acknowledged that the form defines "sedentary" as the ability to lift 10 pounds

maximum and frequently lift or carry lightweight articles and able to walk or stand

only for brief periods.  Tr. 828, 993.  While an ALJ may reject an opinion that does

"not show how [a claimant's] symptoms translate into specific functional deficits

which preclude work activity," *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169

F.3d 595, 601 (9th Cir. 1999), the term "sedentary work" is specifically defined in

terms of what activities can be performed.  *See* 20 C.F.R. §§ 404.1545(a)(1),

416.945(a)(1) (defining residual functional capacity as "the most [a claimant] can

still do despite his limitations").  The ALJ did not explain why Dr. Shapiro's

assessment could not be evaluated based on the language and definition used on

the form.   This is not a legitimate reason for rejecting the opinion.

Similarly, the ALJ observed that the form completed by Dr. Shapiro refers to

regulations from another government agency.  Tr. 993.  Although DSHS uses

1   different rules to establish eligibility for benefits, the ALJ is not required to adopt

2   DSHS conclusion regarding disability.  20 C.F.R. §§ 404.1527(d), 416.927(d).

3   However, the ALJ is required to consider the underlying medical opinion that the

4   agency's conclusion is based upon.  20 C.F.R. §§ 404.1527(c), 416.927(c).  Even if

5   the rules of DSHS and the SSA are different in some respects, it is not apparent that

6   these differences affect Dr. Shapiro's report without further analysis by the ALJ.

7   This is not a legitimate reason for rejecting the opinion.

8       Third, the ALJ found that Dr. Shapiro's opinion was based on a one-time

9   exam.  Tr. 993.  The number of visits a claimant has made to a particular provider is

10  a relevant factor in assigning weight to an opinion.  20 C.F.R. §§ 404.1527(c),

11  416.927(c).  However, the fact that Dr. Shapiro examined Plaintiff one time is not a

12  legally sufficient basis for rejecting the opinion.  The regulations direct that all

13  opinions, including the opinions of examining providers, should be considered.  20

14  C.F.R. §§ 404.1527(c), 416.927(c).  In addition, the ALJ's reasoning is inconsistent

15  with assigning weight to the opinions of other examining and non-examining

16  providers such as the state agency reviewing physicians, Robert Bernardez-Fu,

17  M.D., and Gordon Hale, M.D.  Tr. 994.  This is not a specific, legitimate reason for

18  giving less weight to Dr. Shapiro's opinion.

19      Fourth, the ALJ found "the evidence does not indicate that she treated the

20  claimant or what type of examination she conducted, if any."  Tr. 993.  As noted

21  *supra*, the fact that Dr. Shapiro did not treat Plaintiff may be considered in assigning

weight, but it is not a legitimate reason to reject the opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Furthermore, attached to the opinion is a Range of Joint Motion Evaluation Chart indicating that Dr. Shapiro at least minimally evaluated Plaintiff's back, neck, and lateral range of motion. Tr. 829-30. Dr. Shapiro listed findings suggesting the nature of her exam: she noted Plaintiff's gait, straight leg test results, observations regarding standing from seated, tenderness, and range of motion findings. Tr. 827. These findings suggest an exam occurred and give insight into its nature and extent. The ALJ's conclusion that there is no evidence of examination is not supported by substantial evidence.

Sixth, the ALJ found that Dr. Shapiro did not take into account Plaintiff's pain behavior and somatic symptoms. Tr. 993. The ALJ's reasoning is not entirely clear but seems to suggest that "somatic symptoms" are synonymous with exaggeration or malingering. Somatic symptom disorders "are characterized by physical symptoms or deficits that are not intentionally produced or feigned, and that, following clinical investigation, cannot be fully explained by a general medical condition, another mental disorder, the direct effects of a substance, or a culturally sanctioned behavior or experience." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00B6. Notably, somatic disorder does not involve malingering or exaggeration, but symptoms that cannot be explained. *Id.* Either the ALJ's reasoning is improper due to the nature of somatic symptoms or the ALJ's explanation is insufficient. Regardless, this is not a specific, legitimate reason.

ORDER - 21

Fifth, the ALJ found that because Dr. Shapiro's specialty is internal medicine rather than orthopedics or neurosurgery, the opinion is worthy of less weight. While more weight can be given to the medical opinion of a specialist, 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5), this is not a specific, legitimate reason for rejecting the opinion of an examining acceptable medical source.

Lastly, the ALJ found that no other medical doctor opined that Plaintiff would be limited to sedentary work. Tr. 993. In light of the other erroneous reasons cited by the ALJ for giving little weight to Dr. Shapiro's opinion, this reason, standing alone, is not sufficient to constitute substantial evidence supporting rejection of Dr. Shapiro's opinion.

### 2.  Tasmyn Bowes, Psy.D.

Dr. Bowes completed a DSHS Psychological/Psychiatric Evaluation form in February 2016. Tr. 814-25. Dr. Bowes diagnosed persistent depressive disorder and panic disorder. Tr. 816. She assessed marked limitations in three functional areas: the ability to understand, remember, and persist in tasks by following detailed instructions; the ability to perform activities within a schedule, maintain regular attendance, and the ability to be punctual within customary tolerances and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 817. Dr. Bowes rated Plaintiff's "overall severity" regarding his mental impairments as marked. Tr. 817. The ALJ gave Dr. Bowes' opinion that

Plaintiff has marked limitations in performing detailed tasks some weight, but otherwise found her ratings of marked limitations are not fully supported.  Tr. 989.

First, the ALJ found Dr. Bowes provided no narrative support for any of the limitations she assessed.  Tr. 989.  When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings.  *Tonapetyan v. Halter*, 42 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).  For example, the ALJ observed that Dr. Bowes did not record any symptoms or complaints supporting the conclusion that Plaintiff could not maintain regular attendance or be punctual within customary tolerances.  Tr. 989.  Plaintiff argues this is evidence that Dr. Bowes exercised her professional judgment and did not rely on Plaintiff's statements.  ECF No. 11 at 14.   However, the quality of the explanation provided in a medical opinion is a factor relevant in evaluating the opinion.  20 C.F.R. §§ 404.1527(c), 416.927(c); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).   With little explanation to support the limitations assessed, the ALJ reasonably found Dr. Bowes' opinion less persuasive.

Second, the ALJ found the opinion was primarily based on Plaintiff's self-report.  Tr. 989.  A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss*, 427 F.3d at 1217; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  However, the ALJ must provide the basis for the

conclusion that the opinion was more heavily based on a claimant's self-reports than the medical evidence. *Ghanim*, 763 F.3d at 1162. The ALJ noted that Dr. Bowes found Plaintiff's functioning within normal limits on the mini-mental status exam. Tr. 818-19, 989. The ALJ found this suggests that Dr. Bowes relied more on self-reports of depressive symptoms than on findings. Tr. 989. The ALJ noted that Dr. Bowes did not have any of Plaintiff's medical records for review, further suggesting that her opinion is not based on historical medical findings. Tr. 989. This is a legitimate reason for giving less weight to Dr. Bowes' findings.

Third, the ALJ found that Dr. Bowes' opinion was based on meeting Plaintiff one time. Tr. 989. The number of visits a claimant has made to a particular provider is a relevant factor in assigning weight to an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). However, the fact that Dr. Bowes examined Plaintiff one time is not a legally sufficient basis for rejecting the opinion. The regulations direct that all opinions, including the opinions of examining providers, should be considered. 20 C.F.R. §§ 404.1527(c), 416.927(c). In addition, the ALJ's reasoning is also inconsistent with assigning great weight to the opinion of the medical expert, Ellen Rozenfeld, Psy.D., who had no treating or examining relationship with Plaintiff, and to the opinion of Kirsten Nestler, M.D., who also performed a one-time examination. Tr. 991. This is not a specific, legitimate reason supported by substantial evidence.

The remaining reasons cited by the ALJ involving the language of the form or the form itself are not legally sufficient. The ALJ found that the form completed by

Dr. Bowes is based on regulations that differ from the Social Security Act. Tr. 989. As noted *supra*, the ALJ is required to consider the underlying medical opinion an agency's disability conclusion is based upon, even if no special significance is given to another agency's determination of disability. 20 C.F.R. §§ 404.1527, 416.927. The ALJ did not identify any difference in DSHS rules and Social Security rules that makes Dr. Bowes' opinion less reliable.

The ALJ further found that Dr. Bowes' conclusion that Plaintiff is markedly limited in performing activities within a schedule is contradicted by her simultaneous finding that Plaintiff had "none or mild" limitation in performing routine tasks without special supervision. Tr. 989. The ALJ does not explain this conclusion. The "inconsistent" limitations involve different work activities and have no direct relationship to each other. The ALJ also found that an interruption from psychologically based symptoms during a normal workday or workweek "does not imply that he would be precluded from performing a normal workday or workweek." Tr. 989. The form defines a "marked" limitation as one that is a "very significant interference on the ability to perform on or more basic work activity," so a marked limitation in interruption from psychologically based symptoms suggests "very significant interference" with the normal workday or workweek. Tr. 817. The ALJ's conclusions about the language of the form are without any basis in the record and do not constitute specific, legitimate reasons supported by substantial evidence.

Even though the ALJ erroneously considered some factors related to the form upon which the opinion was given, the ALJ cited other specific, legitimate reasons supported by substantial evidence which support the ALJ's rejection of Ms. Bowes' assessment of marked limitations.   *See e.g., Morgan*, 169 F.3d at 601-02. Therefore, the outcome is the same despite the improper reasoning.  Errors that do not affect the ultimate result are harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health and Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984).

Lastly, Plaintiff argues the ALJ's conclusion that Dr. Bowes' marked limitations are not "fully supported" does not take into account other evidence in the record, citing certain findings from Daniel A. Kodner, M.D., and Jill Rosenthal, Psy.D.. ECF No. 11 at 15.  The ALJ took those records into account, Tr. 990-91, and noted that Dr. Rosenthal indicated throughout treatment that Plaintiff was able to participate in work or training from a psychological point of view.  Tr. 732-36, 738-45, 748-61, 991.  These records do not contradict the ALJ's findings regarding Dr. Bowes' opinion.

Additionally, the ALJ gave significant weight to the opinion of the medical expert, Dr. Rozenfeld, who opined that Plaintiff would be capable of simple, routine work that is low stress; he could tolerate occasional, simple workplace changes; and he could have brief, superficial interaction with the public and occasional interaction with the public and supervisors.  Tr. 47, 991.  The ALJ gave great weight to Dr.

ORDER - 26

Nestler, who examined Plaintiff in September 2016 and opined that he could perform simple or repetitive tasks and detailed and complex tasks; he could accept instructions from supervisors and interact with co-workers and the public; could perform work activities on a consistent basis; maintain regular attendance; complete a normal workday and workweek without interruption; and deal with the stress encountered in the workplace.  Tr. 865-69, 991.  Dr. Friedman also opined that Plaintiff could work from a psychological point of view.  Tr. 641-54, 991.  All of these opinions which were given weight by the ALJ conflict with the limitations assessed by Dr. Bowes.  In cases with conflicting medical opinions, the ALJ, not this court, is responsible for "determining credibility and resolving conflicts in medical testimony." *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989).  Furthermore, the ALJ noted that Plaintiff's self-reported mental symptoms during Dr. Bowes' exam far exceed his reports to other providers.  Tr. 991.  For all of these reasons, the ALJ reasonably gave less weight to Dr. Bowes' opinion and the ALJ's conclusions are supported by substantial evidence.

   *3.  Jan Lewis, Ph.D.*

   In April 2016, Dr. Lewis completed a DSHS Review of Medical Evidence form.  Tr. 1228-29 (duplicate at Tr. 834-35).  She opined that Plaintiff was disabled as of February 29, 2016.  Tr. 1228.  She reviewed the opinions of Dr. Shapiro and Dr. Bowes and rated Plaintiff's psychological and physical functioning on DSHS

Disability Incapacity Determination forms.[3]  Tr. 834.  Regarding Plaintiff's mental

functioning, Dr. Lewis assessed seven severe limitations and two marked

limitations.  Tr. 836.  Regarding physical limitations, Dr. Lewis assessed four severe

non-exertional limitations regarding environmental, postural, gross or fine motor

skills, and the ability to perform activities within a schedule, maintain regular

attendance and be punctual within customary tolerances.  Tr. 837.  Dr. Lewis

concluded Plaintiff could perform sedentary work and indicated that Plaintiff was

unable to perform specific functions of higher levels of work.  Tr. 837.

First, the ALJ found that Dr. Lewis stated the diagnoses listed by Dr. Bowes

were supported by the available objective medical evidence, but noted the evidence

cited would not support any significant limitations.  Tr. 989-90.  A medical opinion

may be rejected if it is unsupported by medical findings.  *Bray*, 554 F.3d at 1228;

*Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004);

*Thomas*, 278 F.3d at 957.  As rationale for the opinion, Dr. Lewis noted that Plaintiff

---

[3] The ALJ noted the authorship of the DSHS Disability Incapacity Determination

forms is unclear as no name or signature is on the forms.  Tr. 990.  The forms are

dated the same date as Dr. Lewis' opinion and are in the record with the form she

completed, Tr. 865-69, although they are next to an incomplete form in another part

of the record, Tr. 1203-05.  Regardless, the ALJ analyzed the opinion assuming Dr.

Lewis is the author.  Tr. 990.

ORDER - 28

complained of physical problems, recited his family and personal history, noted that "[f]rom psych standpoint can manage routine ADLs," noted average effort indicated by Rey testing, Trails testing was within normal limits, the mini mental status exam results were within normal limits, and Plaintiff was cooperative and well-mannered. Tr. 1228; *see* Tr. 817 (Dr. Bowes rated Plaintiff's limitation in 10 out of 13 functional categories as "mild" or "moderate"). Having already found that the limitations assessed by Dr. Bowes are not adequately explained or supported, the ALJ reasonably concluded these findings do not support the "far more severe" limitations than those assessed by Dr. Bowes. Tr. 990. Additionally, the ALJ noted there is no narrative or explanatory support for the ratings assessed. Tr. 990. This is a specific, legitimate reason supported by substantial evidence for giving less weight to Dr. Lewis' opinion.

Second, the ALJ observed that with respect to physical functioning, Dr. Lewis is not qualified to give an opinion. Tr. 990. A psychologist is not a medical doctor and is therefore not qualified to assess the medical as opposed to the psychological aspects of a claimant's condition. *See, e.g., Bollinger v. Barnhart,* 178 Fed. App'x 745, 746 n. 1 (9th Cir. 2006) (holding that an ALJ properly discounted a psychologist's opinion regarding physical limitations because it was beyond the psychologist's expertise); *see also Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003) (determining psychologist opinion properly rejected in part because it was based on consideration of physical impairments)*; Buxton v. Halter*, 246 F.3d 762,

775 (6th Cir. 2001) (determining psychologist not qualified to opine regarding disability based on underlying physical conditions).  Plaintiff cites a case involving an examining psychiatrist, but a psychiatrist is a medical doctor and thus more qualified to opine as to a claimant's physical and mental condition.  ECF No. 11 at 17 (citing *Carr v. Sullivan*, 772 F.Supp. 522, 531 (E.D.Wash. 1991)).  This is a specific, legitimate reason supported by substantial evidence.

Lastly, the ALJ repeated the improper reasoning that Dr. Lewis is an evaluator for a different agency with different regulations regarding disability.  As discussed *supra*, this is not a valid reason for rejecting the opinion.  However, because the ALJ gave other specific, legitimate reasons supported by substantial evidence, any error is harmless.  *See Parra*, 481 F.3d at 747.

**D.    Step Five**

Plaintiff contends the ALJ erred at step five because the finding that there are jobs available that Plaintiff can perform was based on an incomplete hypothetical.  ECF No. 11 at 22.   The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.  Because the ALJ erred in evaluating Dr. Shapiro's opinion and Plaintiff's testimony, the ALJ must also reconsider step five on remand.

ORDER - 30

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, it is not clear that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.

ORDER - 31

On remand, this case shall be assigned to a new ALJ.  That ALJ shall readdress the opinion of Dr. Shapiro, reevaluate Plaintiff's symptom claims, and reconsider the sequential evaluation as appropriate in accordance with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly,

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED in part**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** October 2, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 32